## IN THE CIRCUIT COURT OF DAVIDSON COUNTY, TENNESSEE

| | |
|---|---|
| **ALFRED BERRY,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | )   **NO.** _____ |
| **vs.** | ) |
| | )   **JURY DEMAND** |
| **TROY BURNETT and,** | ) |
| **MIJENN, INC.** | ) |
| | ) |
|     **Defendants.** | ) |

## COMPLAINT

Comes now Plaintiff, Alfred Berry, by and through his undersigned counsel, and respectfully submits this Complaint and states as follows:

### PARTIES

1. Alfred Berry is an adult resident and citizen of Owensboro, Daviess County, Kentucky.

2. Troy Burnett is an adult resident and citizen of Sedalia, Pettis County, Missouri.

3. Mijenn, Inc. is authorized to do business in the State of Missouri and may be served with process through its Registered Agent Michael D. Williams at 7848 Highway KK, Florence, Missouri 65329.

4. Alfred Berry's causes of action arise in tort, as a result of injuries sustained due to the negligent operation of a motor vehicle owned by Mijenn, Inc. and operated by Troy Burnett on or about November 4, 2020 in Davidson County, Tennessee.

## JURISDICTION AND VENUE

5. All events which form the basis of this Complaint for Damages occurred in Davidson County, Tennessee.

6. Venue is properly situated in Davidson County pursuant to Tenn. Code Ann. § 20-4-101.

7. This Court has general jurisdiction of this matter pursuant to Tenn. Code Ann. § 16-10-101.

## FACTS

8. On or about November 4, 2020, Alfred Berry was operating a motor vehicle in a safe and prudent manner traveling on Interstate 24 in Davidson County, Tennessee.

9. At said date, time, and place, Troy Burnett was operating a motor vehicle owned by Mijenn, Inc. on Interstate 24 in Davidson County, Tennessee.

10. At said date, time, and place, Troy Burnett's failure to maintain caution and a proper lookout while operating a motor vehicle was the proximate cause of a collision between his vehicle and the Plaintiff's vehicle and injuries to the Plaintiff.

## NEGLIGENCE AND NEGLIGENCE PER SE

11. Alfred Berry reincorporates the allegations contained in the preceding paragraphs as though set forth verbatim.

12. Troy Burnett was guilty of one or more of the following acts of common law negligence, each and every one of which was a direct and proximate cause of the injuries herein complained of:

    a. failing to maintain proper control of the vehicle;

    b. failing to devote full time and attention to the operation of a motor vehicle;

    c. failing to exercise that degree of care and caution required of a reasonable, prudent person under the same or similar circumstances;

    d. failing to maintain a proper lookout; and

    e. following too closely.

13. In addition, Troy Burnett was guilty of violating the following statutes of the State of Tennessee, each and every such statute being in full force and effect at the time and place of the collision herein, each and every violation constituting a separate and distinct act of negligence per se, and each and every such act constituting a direct and proximate cause of Alfred Berry's injuries and damages:

    a. Tenn. Code Ann. § 55-8-136. Drivers to exercise due care; and

    b. Tenn. Code Ann. § 55-8-124. Following too closely.

14. At all times relevant to the matters alleged herein, Mijenn, Inc. was the owner of the vehicle that Troy Burnett was operating.

15. At all times relevant to the matters alleged herein, Troy Burnett was driving the vehicle with the permission of Mijenn, Inc.

16. At all times relevant to the matters alleged herein, Troy Burnett was an agent, employee, or both of Mijenn, Inc.

17. At all times relevant to the matters alleged herein, Troy Burnett was acting in the course and scope of his agency, employment, or both on behalf of Mijenn, Inc.

18. At all times relevant to the matters alleged herein, Mijenn, Inc. is vicariously responsible for the negligent acts, omissions, or both, of Troy Burnett under the doctrine of *respondeat superior.*

19. At all times relevant to the matters alleged herein, Mijenn, Inc., knew or reasonably should have known of Troy Burnett's propensity to operate vehicles in a negligent manner so as to create an unreasonable risk of harm to others.

20. Mijenn, Inc.'s negligent entrustment of the vehicle to Troy Burnett was a proximate cause of Alfred Berry's injuries and damages.

21. Mijenn, Inc.'s actions and omissions were a proximate cause of Alfred Berry's injuries and damages.

## DAMAGES

22. Alfred Berry reincorporates the allegations contained in the preceding paragraphs as though set forth verbatim.

23. As a direct and proximate result of one or more of the above acts of negligence and violations of state statute, Alfred Berry suffered serious injuries and damages, including but not limited to:

    a. Physical injury and pain, both past and future;

    b. Medical expenses, both past and future;

    c. Loss of income, both past and future;

    d. Mental and emotional anguish, both past and future;

    e. Impairment of ability to enjoy the normal pleasures of life, both past and future; and

    f. Other non-pecuniary losses.

## RELIEF SOUGHT

WHEREFORE, Alfred Berry respectfully requests that a jury be empaneled to hear his cause and that he be awarded compensatory damages in a fair and reasonable amount to be

determined by the jury, costs, and post-judgment interest as allowed by law, and such further relief as the Court may deem just and equitable.

Dated this the 10th day of September, 2021.

Respectfully Submitted,

_____
Susan Neal Wiley (BPR#30408)
**MORGAN & MORGAN – NASHVILLE**
810 Broadway, Suite 105
Nashville, Tennessee 37203
Phone: (615) 986-6248